IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDDIE J. BRIGGS AND REBECCA BRIGGS     PLAINTIFFS

VERSUS     CAUSE NO.: 3:14cv16DPJ-FKB

STATE FARM FIRE AND CASUALTY COMPANY;
AND J. L. WHITE, JR., INDIVIDUALLY     DEFENDANTS

## NOTICE OF REMOVAL

TO:   Honorable Judges of the United States District Court
for the Southern District of Mississippi, Northern Division

COME NOW the Defendants, STATE FARM FIRE AND CASUALTY COMPANY and J. L. WHITE, JR., (hereinafter "State Farm" and "White," respectively), by and through their undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441 and 1446 would respectfully show this Court as follows, to wit:

I.

Plaintiffs filed their Complaint against the Defendants, State Farm and White, on September 30, 2013 in the Circuit Court of Kemper County, Mississippi, said action being designated as *Eddie J. Briggs and Rebecca Briggs v. State Farm Fire and Casualty Company and J. L. White, Jr., individually*, Cause No. 2013-CV-104W (hereinafter referred to as the "State Court Action").

II.

State Farm received a copy of the summons and complaint after it was forwarded to State Farm's registered agent for service of process and received by him on December 10, 2013. J. L. White was served on December 16, 2013. A copy of

the Complaint filed in the Circuit Court of Kemper County, Mississippi, is attached hereto as Exhibit "A" pursuant to 28 U.S.C. §1446.

III.

Pursuant to 28 U.S.C. § 1446(b), the Defendants file this Notice of Removal within thirty (30) days of State Farm and White being served with Plaintiffs' original Complaint in the State Court Action, which was the first pleading received by either Defendant, through service of process or otherwise, setting forth the claim for relief upon which such action is based.

IV.

This case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

**PARTIES**

V.

In their Complaint, the Plaintiffs plead that they are adult resident citizens of Mississippi.

VI.

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

VII.

Defendant White, whose citizenship should be disregarded for diversity purposes (as further articulated herein), is now and has at all relevant times been a

citizen of the State of Mississippi. As a fraudulently joined party, White is not required to join or consent to this removal and dismissal; nevertheless, he has formally done so. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (explaining that it would be "nonsensical" to require consent to removal by the alleged, improperly or fraudulently joined party because "removal in those cases is based on the contention that no other proper defendant exists"); *see also Jenkins v. Farmington Cas. Co.*, 979 F.Supp. 454 (S.D. Miss. 1997) ("[I]t is not necessary that the allegedly fraudulently joined defendant join with the other defendants in the removal petition.") (citing *Moore v. Interstate Ins. Co., et al.*, 717 F.Supp. 1193, 1195 (S.D. Miss. 1989)).

## JURISDICTION

### VIII.

This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §1332. As required by the first prong of the jurisdictional statute, there is complete diversity of citizenship between the *properly* joined parties. As articulated above, the Plaintiffs are citizens of Mississippi and State Farm is a citizen of Illinois. The citizenship of White, as a fraudulently joined Defendant, is irrelevant. *See Peters v. Metro. Life Ins. Co.*, 164 F. Supp. 2d 830, 833 (S.D. Miss. 2001) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("Where diversity jurisdiction otherwise exists, it 'cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy.'") The second prong of §1332 is also satisfied because the amount in controversy exceeds

$75,000.00, exclusive of interest and costs. The compensation sought by the Plaintiffs in their Complaint readily demonstrates that the second prong is satisfied. The Plaintiffs expressly seek to recover for:

> contractual damages, economic loss of money and property, as well as all extra contract compensation damages proximately caused by the Defendants' conduct in the amount of One Million and no/100 Dollars ($1,000,000.00), as well as pre-judgment and post-judgment interest from April 27, 2011, as determined by the Court and costs of bringing these proceedings.

Exhibit "A," Complaint 8 § 2. Additionally, the Plaintiffs claim that they are entitled to recover punitive damages and attorneys' fees from the Defendants *Id.* at §§ 3-4.

## IX.

The citizenship of White does not defeat this Court's diversity jurisdiction. The Plaintiffs have fraudulently and improperly joined White as a Co-defendant with State Farm, and they have no legally cognizable claim or cause of action against White under Mississippi law. If Plaintiffs have a legally cognizable claim or cause of action arising from the allegations in the Complaint, such claim or cause of action would be strictly against State Farm. All damages that the Plaintiffs allege flow from the insurance contract in place at the time of the loss, not from anything White did, or could have done, regarding the Plaintiffs' claim under the subject policy.

## **FRAUDULENT JOINDER**

X.

Proper removal of an action based on diversity jurisdiction is first determined by reviewing the specific allegations stated against the non-diverse defendant in the complaint. *See Gray v. United States Fidelity & Guaranty*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). In their Complaint, the Plaintiffs offer four pages of alleged facts and bring forth several claims, including breach of contract and the covenant of good faith and fair dealing; negligence and gross negligence; fraud and misrepresentation; and punitive damages. While the Plaintiffs assert that State Farm is liable under all causes of action, they limit the claims against White to fraud/misrepresentation and punitive damages. Yet, the Plaintiffs typically treat both Defendants as a single unit and plead no independent, actionable conduct on the part of White.

The following excerpts reveal every instance in which the Plaintiffs specifically reference White in the Complaint:

> 3. Defendant, J. L. White, Jr. ("White") is an adult resident citizen of Kemper County, Mississippi, who may be served with process of the Court at 723 Main Street, DeKalb, Mississippi 39110. . . .
>
> 4. . . . . State Farm sold the Plaintiffs a "Homeowners Policy" in Kemper County, Mississippi, by and through its agent Defendant J. L. White, Jr., whose office is in in [sic] DeKalb, Kemper County, Mississippi.
>
> \*\*\*
>
> 7. White, the State Farm agent for Kemper County, Mississippi, was called by Plaintiffs around 3:30 o'clock p.m. on the afternoon of April 27, 2011, to report their loss. He arrived shortly thereafter and began documenting the damage prior to the fall of

>  darkness. . . .
>
>  ***
>
>  21.   . . . .
>  
>  g.   Plaintiffs relied upon the representations of the Defendants to their detriment by purchasing insurance from State Farm through White.

(Compl. 1 § 3; 2 § 4; 3 § 7; 7 § 21(g).) According to the Complaint, the independent conduct attributable to White is limited to the following: having a different address than the corporation, being the agent through which the State Farm policy was sold[1]; and responding to the Plaintiffs' call on the day of the tornado by promptly arriving at their property to document the damage.

The deficiencies in the Plaintiffs' Complaint reveal that White was improperly joined in the case against State Farm and that removal is, therefore, appropriate. As discussed forthwith, the Plaintiffs' Complaint contains both procedural and substantive deficiencies. The Plaintiffs have failed to plead facts sufficient to satisfy the particularity requirement for fraud claims. *See* Miss. R. Civ. P. 9. Significantly, allowing the Plaintiffs to amend to conform to Rule 9 would be futile because, irrespective of particularity, the Complaint fails to reveal that there is arguably a reasonable basis for predicting that Mississippi law would impose liability on White for fraud/misrepresentation. *See Turner v. State Farm Mut. Auto. Ins. Co.*, 2004 U.S. Dist. LEXIS 30525, 7; 2004 WL 5315004 (S.D. Miss. July 12, 2004 (acknowledging that where the possibility of liability is no more than

---

[1] It should be noted that the Plaintiffs have made no allegations against White relating to a failure to procure coverage.

theoretical, there is fraudulent joinder). Therefore, the Plaintiffs have not only failed to satisfy Rule 9 but have also engaged in improper joinder, which cannot operate to defeat diversity jurisdiction. *Peters v. Metro. Life Ins. Co.*, 164 F. Supp. 2d 830, 833 (S.D. Miss. 2001).

### Rule 9 Issues

XI.

The Plaintiffs' claim for fraud/misrepresentation cannot survive scrutiny under Mississippi Rule of Civil Procedure 9 ("Rule 9"), making the claim facially defective. Discussing Rule 9 in the context of fraudulent joinder, this Court has explained that "[f]raud will not be inferred or presumed and may not be charged in general terms." *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 651 (S.D. Miss. 2001) (citing *Brabham v. Brabham*, 483 So. 2d 341, 342 (Miss. 1986)(b). Rather, Rule 9 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Miss. R. Civ. P. 9(b). According to the Comments to the Rule, the term "'[c]ircumstances' refers to matters such as the time, place, and contents of the false representations, in addition to the identity of the person who made them and what he obtained as a result." Miss. R. Civ. P. 9, cmt. (citing 5 Wright & Miller, Federal Practice and Procedure, Civil § 1297 (1969)); *see also Smith*, 187 Supp. 2d at 651 ("[T]he circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated."). Therefore, at the very least, the complaint must be "*sufficiently particular* as to the time, place, content and

7

parties who made the allegedly fraudulent statements." *Smith*, 187 Supp. 2d at 651 (quoting *Breslin Realty Assoc. v. Park Investments, Ltd.*, 1991 U.S. Dist. LEXIS 21840, 1991 WL 340576 (E.D. N.Y. Dec. 23, 1991) (emphasis added).

In pleading fraud/misrepresentation, the Plaintiffs in the present action failed to state the circumstances of the alleged fraud with any meaningful particularity. *See* Compl. 7 § 21(a)-(f). The Plaintiff's fraud/misrepresentation claim, in its entirety, states as follows:

### COUNT III.

### FRAUD AND MISREPRESENTATION BY BOTH DEFENDANTS

20. Plaintiffs incorporate and adopt herein the allegations of Paragraphs 1 through 19.

21. Plaintiffs would further state:

  a   At the time of the sale of the policy of insurance to the Plaintiffs in Kemper County, Mississippi, *the Defendants represented* to the Plaintiffs they would fairly and accurately assess any damage and adjust any claim the Plaintiff might have during the time of the contract of insurance and pay to the Plaintiffs the cost to repair or replace the Plaintiffs' home up to the limits of the policy of insurance, even if it was a total loss. This representation was false and the Defendants knew it was false.

  b   *Defendants knew* that in case of a loss by the Plaintiffs during an event such as the April 27, 2011, tornado, they did not have fair and accurate damage assessment procedures which were based upon the value of labor, supervision and materials available in Kemper County, Mississippi, necessary to repair or replace Plaintiffs' damage.

  c   The *acts and misrepresentations of the Defendants* were material in sum and substance used by the Defendants to

|   |   |
|---|---|
|   | unjustly and unfairly reduce the amount paid to the Plaintiffs under the policy of insurance Defendants sold to the Plaintiffs. |
| d | The *agents of the Defendants knew these representations to be false* and knew they would adversely impact the amount of damages owed to the Plaintiffs by the Defendants. |
| e | The *agents of the Defendants intended that their misrepresentations be accepted by the Plaintiffs*, even though they knew their damage assessment methods were unfairly calculated and would do material harm to the Plaintiffs in the event of a loss by the Plaintiffs. |
| f | The Plaintiffs had no knowledge of the falsity of the *Defendants' representations*. |
| g | Plaintiffs relied upon *the representations of the Defendants* to their detriment by purchasing insurance from State Farm through White. |
| h | Plaintiffs had a right to rely *upon the Defendants* and to expect their claims adjustment and damage assessment methods would be fair and just. |
| i | Plaintiffs have been injured as a result of the actions and *misrepresentations of the Defendants*. |

(Compl. 7 §§ 20-21(a)-(I) (emphasis added).

First, the Plaintiffs decline to provide the date or the actual location of the alleged representation as required under Rule 9. Instead, the Plaintiffs vaguely assert that the representation occurred "at the time of the sale of the policy of insurance to the Plaintiffs in Kemper County, Mississippi." (Compl. 7 § 21(a)). The Plaintiffs offer no information regarding when or where the sale of the policy of insurance occurred other than to suggest that it has been "approximately twenty-two (22) years." (Compl. 3 § 6.) Second, the Plaintiffs did not identify the speaker(s)

with particularity; rather, the Plaintiffs generally assert that both State Farm and White made fraudulent misrepresentations "at the time of the sale of the policy." In fact, the Plaintiffs never separate the two Defendants when pleading the fraud claim. The Plaintiffs begin by referring to both Defendants collectively and then they start to attribute action to "the agents of the Defendants," without ever indicating who these agents might be or whether they are agents of State Farm or of White. Accordingly, the nonspecific nature of the fraud claim makes it impossible to discern the identity of the speaker(s).

This Court has specifically addressed a plaintiff's failure to identify the speaker of allegedly fraudulent statements in the context of fraudulent joinder and Rule 9. *See Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 812 (S.D. Miss. 2002). In *Coleman*, the court dismissed the individual defendants where "[t]he subject Complaint fail[ed] to specify which of the two individual Defendants made the allegedly fraudulent statements." *Id.* The court also noted that the complaint in *Coleman*—like the Complaint presently under scrutiny—"further fail[ed] to allege the date on which, and location at which the allegedly fraudulent statements were made." *Id.* Similarly, the United States District Court for the Northern District of Mississippi found fraudulent joinder where

> the Plaintiffs' claims of fraudulent misrepresentation[] [contained] no specific factual allegations in the complaint concerning [the agent's] participation in any alleged fraudulent acts, much less any factual allegations that would tend to suggest that her involvement was anything other than merely peripheral. Instead, the Plaintiffs simply allege in very general terms that [the agent] engaged in fraudulent conduct. Nowhere in the complaint do the Plaintiffs *specifically allege how [the agent]*

10

> *directly participated in or authorized the commission of the tort of fraudulent misrepresentation, or how her alleged liability is based on her own <u>individual wrongdoing</u>; instead, the Plaintiffs merely use boilerplate language that <u>collectively implicates the Defendants as a group</u>.* As the court has already noted, hypothetical allegations of this sort are plainly deficient. Nowhere in the complaint do the Plaintiffs *identify <u>with the requisite particularity</u> the date, time, place or content of [agent's] alleged false representations.*

*Walker v. Medtronic, Inc.*, 2003 U.S. Dist. LEXIS 26549, 10-11 (N.D. Miss. June 4, 2003) (emphasis added).

The allegations in the Plaintiffs' Complaint not only fall far short of meeting the particularity requirement of Rule 9, they also cannot arguably provide a reasonable basis for liability against White for fraud.

### Substantive Issues

XII.

Under Mississippi law, a claim of fraud requires the following nine elements:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent proximate injury.

*Peters v. Metro. Life Ins. Co.*, 164 F. Supp. 2d 830, 834 (S.D. Miss. 2001) (citing *Black v. Carey Canada, Inc.*, 791 F. Supp. 1120, 1123 (S.D. Miss. 1990); *Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992)). In order to state a claim for fraud, "a Complaint *must* allege all nine of these elements [and] the[] allegations must be factual, and not conclusory, because conclusory allegations do not state a claim." *Id.* (citing *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 734 (S.D. Miss.

11

1999) (emphasis added).

Plaintiffs' Complaint fails to state factual allegations to support the elements of fraud. In support of their fraud/misrepresentation claim against "both Defendants," the Plaintiffs offer two alleged representations: the Plaintiffs claim that the Defendants represented that they (1) "would fairly and accurately assess any damage and adjust any claim the Plaintiffs might have during the contract of insurance" and (2) would "pay to the Plaintiffs the cost to repair or replace the Plaintiffs' home up to the limits of the policy of insurance, even if it was a total loss." (Comp. 7 § 21(a).

The latter, alleged representation has absolutely no import on Plaintiffs' claim for fraud because it lacks materiality, which is the third element of fraud. The only instance whereby such a statement could arguably become material would be if State Farm had determined the house constituted a total loss and then refused to pay the repair/replacement cost. As noted by the Plaintiffs, however, State Farm's claims adjuster, Jeff Hill, assessed the damage and found that the Plaintiffs' house did *not* amount to a total loss. (Compl. 3 § 8.) Since State Farm undisputedly never determined that the house was a total loss, the Plaintiffs cannot possibly show that the representation is material; that it is false (as required by the second element of fraud); or that the representation resulted in any injury (as required by the ninth element of fraud). Therefore, any representation relating to a total loss, even if

made, cannot provide a basis for fraud/misrepresentation[2].

The former, alleged representation cannot form the basis of a fraud claim for several, independent reasons: (a) it is a statement of future action; (b) it is a vague and general statement; and (c) it amounts to mere puffery. In order to be actionable, "a representation must be one of past or existing fact" and cannot be "vague and imprecise." *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 650 (S.D. Miss. 2001) (citing *White v. Hancock Bank*, 477 So. 2d 265, 270 (Miss. 1985) (*Thompson v. Nationwide Mutual Ins. Co.*, 971 F. Supp. 242, 243 (N.D. Miss. 1997). Furthermore, while "representations of specific material fact" may be actionable, "puffery" is "non-actionable." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. Tex. 1999).

Under Mississippi law, "a claim of fraudulent representation cannot be predicated on a promise relating to future actions." *Thompson v. Nationwide Mut. Ins. Co.*, 971 F. Supp. 242 (N.D. Miss. 1997) (citing *Spragins v. Sunburst Bank*, 605 So. 2d 777, 781 (Miss. 1992). Any representation by White regarding how State Farm would "assess and adjust" the Plaintiffs' claim in the event of a future loss necessarily constitutes "a promise relating to future actions," as opposed to one "related to past or presently existing facts." *Id.* (citing *Spragins v. Sunburst Bank*, 605 So. 2d 777, 781 (Miss. 1992)). Moreover, the alleged representation comprises vague and imprecise language—"fairly and accurately assess any damage and

---

[2] Furthermore, "a party is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464-465 (5th Cir. Miss. 2003).

adjust any claim"—revealing that it is not a actionable statement of fact. In *Thompson*, for example, the court found a representation vague and imprecise (and therefore non-actionable) where the plaintiff alleged that the insurance agent "represented [] that the policy allowed for stacking coverages for all vehicles covered under the policy and that the coverage would adequately protect [the insured's] family in the event of a catastrophe." The court explained,

> [T]he words attributed to [the agent] are vague and imprecise (What is "adequate protection?" How does one define a "catastrophe?"). Obviously, [the agent's] statement is in the nature of an opinion, not one of fact. Under Mississippi law the mere expression of an opinion is not actionable.

*Thompson*, 971 F. Supp. 242 (citing *White v. Hancock Bank*, 477 So. 2d 265, 270 (Miss. 1985)).

Moreover, the Fifth Circuit has found that representations of this nature constitute mere puffery. *See Griggs*, 181 F.3d at 701. In *Griggs*, the court considered an insurance agent's "pre-purchase statements that [the insurer] would handle Griggs' claims professionally" and the agent's "post-claim assurances that she would monitor the progress of Griggs' claim." *Id.* The Court found that such statements are "more in the nature of non-actionable puffery than actionable representations of specific material fact." *Id.* The aforementioned examples of puffing fit squarely into the same category as a representation by an agent that the insurer will "fairly and accurately assess any damage and adjust any claim."

XIII.

As demonstrated herein, Plaintiffs assert no independent, legally cognizable

14

grounds for a claim against White, and the Complaint does not give rise to any arguably reasonable basis for predicting that Mississippi law might impose liability on him. Under the fraudulent joinder doctrine, therefore, White cannot be regarded as a genuine party for determining whether diversity jurisdiction exists.

XIV.

That furthermore, the applicable statute of limitations has expired on the claims asserted against White, as the relevant policy was issued in 1994. *See Sullivan v. Tullos*, 19 So. 3d 1271, 1274 (Miss. 2009) (citing Miss. Code Ann. § 15-1-49 (Rev. 2003)) ("In Mississippi, a claim of fraud has a three-year statute of limitations.") Because the statute of limitations has expired, the Plaintiffs cannot prevail under any set of facts against White. On this basis, White should be dismissed and not considered for jurisdictional purposes.

XV.

This action is now removable pursuant to 28 U.S.C. § 1441(a) and § 1446(b), as amended and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served on Plaintiffs' counsel as required by law. Based on the jurisdiction of this Court, White and State Farm, who are herein represented by the same counsel, move this Court for an Order dismissing the fraudulently joined Defendant, White, pursuant to Fed. R. Civ. P. 12(b)(6), as the Plaintiffs have failed to state a claim upon which relief can be granted, and as such, White should be dismissed with prejudice from these proceedings, with this Court retaining jurisdiction based upon the complete diversity of the remaining parties.

*See Moore*, 717 F.Supp. at 1195 (explaining that federal court jurisdiction attaches at time of removal and that court has authority to consider dismissal pursuant to Rule 12(b)(6) where claim of fraudulent joinder is made).

XVI.

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, will be filed with the Clerk of the Circuit Court of Kemper County, Mississippi, as provided by law.

**WHEREFORE, PREMISES CONSIDERED**, the Defendants respectfully submit this Notice of Removal of the State Court Action to this Court, and the Defendants move this Court for an Order pursuant to Rule 12(b)(6) dismissing White, who has been fraudulently joined to defeat diversity jurisdiction. The Defendants request any further relief to which they may be entitled.

Dated: January 8, 2014.

        Respectfully submitted,

        BRYAN, NELSON, SCHROEDER,
        CASTIGLIOLA & BANAHAN, PLLC
        Attorneys for Defendants,

        **STATE FARM FIRE AND CASUALTY COMPANY & J. L. WHITE, JR.**

BY: /s/ Matthew E. Perkins
        MATTHEW E. PERKINS (MSB #102353)
        JOHN A. BANAHAN (MSB #1731)
        B. CAROLINE CASTIGLIOLA (MSB #104206)

**BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Tel.: (228) 762-6631
Fax: (228)769-6392
perkins@bnscb.com
john@bnscb.com
caroline@bnscb.com

## CERTIFICATE OF SERVICE

I, **MATTHEW E. PERKINS**, one of the attorneys for the Defendants, **STATE FARM FIRE AND CASUALTY COMPANY and J. L. WHITE, JR.**, do hereby certify that I have this date electronically filed the foregoing Notice of Removal with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED: January 8, 2014

_____
MATTHEW E. PERKINS (MSB #102353)
JOHN A. BANAHAN (MSB #1731)
B. CAROLINE CASTIGLIOLA (MSB #104206)

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No. (228) 762-6631
Fax No. (228) 769-6392
perkins@bnscb.com
john@bnscb.com
caroline@bnscb.com