UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDDIE J. BRIGGS and                                                                        PLAINTIFFS
REBECCA BRIGGS

v.                                                          CIVIL ACTION NO. 3:14cv16-DPJ-FKB

STATE FARM FIRE & CASUALTY CO.
and J. L. WHITE, JR.                                                                        DEFENDANTS

ORDER

This removed case is before the Court on Plaintiffs' Motion to Remand [6]. Because there is no arguably reasonable basis for predicting that state law might impose liability on J. L. White, Jr., on the facts alleged in the Complaint, the motion to remand is denied.

I.       Facts and Procedural History

Plaintiffs Eddie J. and Rebecca Briggs owned a home in Kemper County, Mississippi, that was insured under a homeowners policy issued by Defendant State Farm Fire & Casualty Co. The Briggses first purchased their homeowners policy through State Farm agent, Defendant J. L. White, Jr., in or around 1994.[1] Thereafter, the Briggses renewed the policy every year and had coverage in force in 2011. On April 27, 2011, the Briggses' home was struck by a tornado, causing substantial damage to the residence. At the time, the Briggses' policy provided maximum damage coverage of $256,800.00.

Following the tornado, State Farm claims adjuster Jeff Hill assessed the damage to the Briggses' property and concluded that the home was not a total loss. Hill delivered an estimate

---

[1] State Farm says it first issued a homeowners policy to the Briggses in 1994. Not. of Removal [1] ¶ XIV. But the Briggses say they obtained coverage from State Farm 22 years before the 2011 tornado, or in or around 1989. Pls.' Mem. [7] at 9. This dispute does not impact the jurisdictional analysis.

to the Briggses indicating that their home sustained damage in the amount of $160,631.27. The Briggses thereafter hired Wayne Raley, a licensed contractor, to assess the damage to their property. Raley "determined that [the home] could not be repaired for the sum offered by State Farm," and "determined [the home] was not structurally sound." Compl. [3] ¶ 10. Relying on Raley's advice, the Briggses allowed Kemper County, Mississippi, to demolish and remove what remained of their home. They thereafter submitted a demand to State Farm to consider the home a total loss and remit the policy limits. State Farm denied that request.

The Briggses filed this lawsuit in the Circuit Court of Kemper County, Mississippi, on December 5, 2013. They asserted claims against State Farm for breach of contract and negligence and asserted a fraud claim against both State Farm and White. Believing White was improperly joined to defeat diversity jurisdiction, Defendants removed the case to this Court on January 9, 2014. The Briggses moved to remand, asserting that they have stated a facially plausible claim against White such that the Court lacks diversity jurisdiction. The matters raised in the motion have been fully briefed, and the Court is prepared to rule.

II.      Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). Defendants premise federal jurisdiction on 28 U.S.C. § 1332, under which the district courts have jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The diversity statute requires complete diversity between all named plaintiffs and all named defendants. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The improper joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). To that end, "[t]he burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). In evaluating a claim of improper joinder, the Court "examine[s] if there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Smallwood*, 352 F.3d at 223 (citation omitted and punctuation altered). But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (en banc) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A district court should ordinarily resolve an improper joinder claim by conducting Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573. The Court assesses "the allegations in a plaintiff's state court pleading." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)); *see also Gardner v. Cooksey*, 2:11-cv-255-KS-MTP, 2012 WL 968026, at *2 (S.D. Miss. Mar. 21, 2012) ("This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant.") (citations omitted). The Court "must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Similarly, the Court must resolve all ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citations omitted). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined."  *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004) (citing *Badon*, 224 F.3d at 392–93).

Finally, "there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.  In such cases, the district court has the discretion to "pierce the pleadings" and conduct a summary inquiry.  *Id.*

III.   Analysis

Defendants assert that the Briggses' Complaint does not assert a facially plausible claim against White and that any claim against White is time-barred in any event.  In their motion to remand, Plaintiffs argue:  (1) they have sufficiently pleaded their claim against White but, if not, they could amend the Complaint to comply with Rule 9, (2) the statute of limitations is a common defense, requiring remand under *Smallwood*, 385 F.3d at 574, and (3) the continuing tort doctrine saves the claim from the time bar.  In their rebuttal, they raise the additional argument that the statute of limitations did not begin to run on their fraud claim until State Farm determined that their home was not a total loss.  Because the Briggses fail to state a facially plausible claim against White, the Court need not address the limitations issue.

The Briggses argue that their Complaint includes claims of fraud/intentional misrepresentation and "would also be broad enough to include . . . misrepresentations made as a result of negligence on the part of White."  Pls.' Mem. [7] at 4.  But a plain reading of the Complaint reveals no negligence allegations against White.  Instead, the crux of the Briggses'

4

claim against White, as stated in the Complaint, is that White made one or more intentional misrepresentations to the Briggses at the time they purchased their homeowners.  Specifically, the Briggses assert:

    a.    At the time of the sale of the policy of insurance to the Plaintiffs in Kemper County, Mississippi, the Defendants represented to the Plaintiffs they would fairly and accurately assess any damage and adjust any claim the Plaintiffs might have during the term of the contract of insurance and pay to the Plaintiffs the cost to repair or replace the Plaintiffs' home up to the limits of the policy of insurance, even if it was a total loss.  This representation was false and the Defendants knew it was false.

    b.    Defendants knew that in case of a loss by the Plaintiffs during an event such as the April 27, 2011, tornado, they did not have fair and accurate damage assessment procedures which were based upon the value of the labor, supervision and materials available in Kemper County, Mississippi, necessary to repair or replace Plaintiffs' damage.

    c.    The acts and misrepresentations of the Defendants were material in sum and substance used by the Defendants to unjustly and unfairly reduce the amount paid to the Plaintiffs under the policy of insurance Defendants sold to the Plaintiffs.

    d.    The agents of the Defendants knew these misrepresentations to be false and knew they would adversely impact the amount of damages owed to the Plaintiffs by the Defendants.

    e.    The agents of the Defendants intended that their misrepresentations be accepted by the Plaintiffs, even though they knew their damage assessment methods were unfairly calculated and would do material harm to the Plaintiffs in the event of a loss by the Plaintiffs.

    f.    The Plaintiffs had no knowledge of the falsity of the Defendants' representations.

    g.    Plaintiffs relied upon the representations of the Defendants to their detriment by purchasing insurance from State Farm through White.

    h.    Plaintiffs had a right to rely upon the Defendants and to expect their claims adjustment and damage assessment methods would be fair and just.

>    i.   Plaintiffs have been injured as a result of the actions and
>         misrepresentations of the Defendants.

Compl. [3] ¶ 21.

Defendants insist that these allegations fail to state a claim under a Rule 12(b)(6)-type analysis and further fail to satisfy Rule 9(b)'s requirement that fraud claims be pleaded with particularity. The Briggses weakly resist this argument then suggest that any pleading deficiencies can be cured through amendment. Pls.' Mem. [7] at 5 (citing *Jones v. Life Ins. Co. of Ga.*, 336 F. Supp. 2d 631, 363–37 (S.D. Miss. 2004)). But this assertion breaches the well-settled rule that "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (citation omitted). Thus, the Court is initially tasked with assessing whether the Briggses' claim against White—as pleaded in the Complaint—survives a Rule 12(b)(6)-type analysis.

Under this review, the facts must be considered in a light most favorable to the Briggses. And for purposes of this motion only, the Court will overlook the obvious shortcomings under Rule 9(b) and the fact that no particular representation is attributed to White himself—as opposed to "Defendants" collectively. Even then, the sole representations alleged in the Complaint are not actionable because they are not misrepresentations of present facts. *See Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992).

Assuming the representations in the Complaint are attributable to White, he is accused of promising—at least seventeen years before the loss[2]—that State Farm "would fairly and accurately assess any damage and adjust any claim the Plaintiffs might have during the term of

---

[2]*See supra* note 1.

the contract of insurance and pay to the Plaintiffs the cost to repair or replace the Plaintiffs' home up to the limits of the policy of insurance, even if it was a total loss." Compl. [3] ¶ 21(a). Such statements cannot form the basis of a fraud claim because "a claim of fraudulent representation cannot be predicated on a promise relating to future actions. Fraudulent misrepresentations must be related to past or presently existing facts." *Spragins*, 605 So. 2d at 781 (collecting cases).

Nor could such puffery or opinion form the basis of a fraud claim. *See Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 510 n.16 (5th Cir. 2008) (noting that puffing does not give rise to fraud liability in Mississippi) (citing *Thomas v. Miss. Valley Gas Co.*, 237 Miss. 100, 113 So. 2d 535, 538 (1959)); *Hignite v. Am. Gen. Life & Acc. Ins. Co.*, 142 F. Supp. 2d 785, 791 (N.D. Miss. 2001) ("[N]either vague, essentially indefinable predictions nor puffery are actionable . . . .").

And the same would be true had the Briggses actually pleaded a negligent-misrepresentation claim against White. *Spragins*, 605 So. 2d at 780 (holding that neither fraud nor negligence claims may be based on promises of future performance). Accordingly, there is no arguably reasonable basis to predict success against White on the allegations of the Complaint or the allegations the Briggses suggest should be inferred from the Complaint.[3]

In their motion to remand, the Briggses identify a wholly separate representation that they claim should create a basis for recovery against White. Relying on the Declaration of Eddie J. Briggs, the Briggses state that "on the date of the loss, White came to the scene and advised the

---

[3]There are obviously times when an agent can be held responsible under a fraud or misrepresentation theory, and Plaintiffs have identified several such cases. But in each of their cited opinions, the representations either involved present facts or specific aspects of coverage. None involved the type of vague promises and puffing present in this case.

Briggs[es] that the house would be a total loss." Pls.' Mem. [7] at 5 (citing Briggs Decl. [6-2]). But a claim based on such a representation is not contained in the Complaint, and as explained by the Fifth Circuit in *Cavallini*, the Court must "determin[e] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal." 44 F.3d at 264. The Court will not consider these new allegations.[4]

Finally, the Court declines summary inquiry. As stated before, the Court may pierce the pleadings only "in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts.'" *Johnson v. Rimes*, 890 F. Supp. 2d 743, 747 n.2 (S.D. Miss. 2012) (citing *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. 2011) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005))). Because the Complaint fails to state a facially plausible claim against White in the first instance, the Court need not conduct a summary inquiry.

IV.   Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the motion to remand [6] is denied. The claims against J. L. White, Jr., are hereby dismissed with prejudice. The parties are

---

[4]Even if it did, the Briggses could not have reasonably relied on the alleged statement. In his declaration, Briggs states that he relied on White's representation "when [he] allowed the County to completely destroy what remained of the structure." Briggs Decl. [6-2] ¶ 4. But there is no suggestion that White was an adjustor, and there is no dispute that after White visited the home a State Farm adjuster assessed the property and informed the Briggses that State Farm did not consider it a total loss. Only then did the Briggses hire their own contractor to evaluate the damage and subsequently demolish the property. As a matter of law, the facts as alleged cannot establish reasonable reliance. *See Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 483 (5th Cir. 2008) ("Mississippi cases make clear that a party cannot reasonably rely on a misstatement when the error is obvious to the party or the party knows the truth of the matter." (citations omitted)).

directed to contact the magistrate judge within ten days of the entry of this order to reset the case for a case management conference.

**SO ORDERED AND ADJUDGED** this the 7th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE