UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDDIE J. BRIGGS and REBECCA BRIGGS                                              PLAINTIFFS

v.                                                                       CIVIL ACTION NO 3:14cv16-DPJ-FKB

STATE FARM FIRE AND CASUALTY                                                     DEFENDANT
COMPANY

ORDER

This bad-faith-breach-of-contract case is before the Court on Defendant's Motion for Partial Summary Judgment [71] and its Motion for Sanctions for Spoliation of Evidence [84]. For the reasons that follow, both motions are denied without prejudice.

I.      Background

In the most general terms, the facts are as follows.  Plaintiffs Eddie J. and Rebecca Briggs owned a home in Kemper County, Mississippi, that was insured by Defendant State Farm Fire & Casualty Company.  On April 27, 2011, a tornado struck the Briggses' home, causing substantial damage to the residence.  The parties dispute whether the home was a total loss and whether State Farm acted in bad faith by tendering an amount less than the cost of replacement.

Following the close of discovery, State Farm moved for summary judgment on the claims for extra-contractual and punitive damages.  It likewise moved for sanctions alleging that the Briggses spoliated evidence when they demolished the home despite State Farm's request that they not do so until the claim was resolved.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Analysis

    A.     Motion for Summary Judgment

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

State Farm seeks summary judgment on the Briggses' claims for extra-contractual and punitive damages, describing the conflict as a legitimate pocketbook dispute that gives State Farm an arguable reason for denying or delaying payment. Under Mississippi law, "[i]f there is a finding that there was a reasonable arguable basis to deny the claim then the [plaintiff] is not

entitled to have the jury consider any bad faith award against the insurance company." *United Am. Ins. Co. v. Merrill*, 978 So. 2d 613, 634 (Miss. 2007).  And "a legitimate pocketbook dispute between the parties as to the amount that was due" will not support an award of punitive damages.  *State Farm Mut. Auto. Ins. Co. v. Roberts*, 379 So. 2d 321, 322 (Miss. 1980).  Finally, "[t]he plaintiff bears a heavy burden of proving that the denial of an insurance claim was in bad faith."  *Hoover v. United Servs. Auto. Ass'n*, 125 So. 3d 636, 642, 3926 (Miss. 2013) (en banc) (citation omitted, quotation marks omitted).

Despite this heavy burden, the question whether State Farm acted reasonably in adjusting the Briggses' claim is fact intensive.  And considering the record in the light most favorable to the Briggses, the Court is unwilling—at this time—to rule that the jury should not hear the bad-faith claim.  The Court anticipates a bifurcated proceeding, and it will be in a better position to evaluate the evidence at the close of the liability case.  *Cf. Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) ("Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986))).  State Farm's summary-judgment motion is denied without prejudice to its right to raise the issue at trial.

B.   Motion for Sanctions

State Farm also asks the Court to impose sanctions on the Briggses for spoliation of evidence.  Specifically, it insists "the Court should instruct the jury that the destroyed house constituted evidence unfavorable to Plaintiffs' position."[1]  Def.'s Mem. [87] at 1.  "An adverse

---

[1] The Briggses assert that the motion is untimely under Local Rule 7(b)(11), which provides that a nondispositive motion served beyond the motion deadline "may be denied solely because the motion is not timely served."  Assuming that rule applies, it is permissive, not

inference based on the destruction of potential evidence is predicated on the 'bad conduct' of the defendant. Therefore, [State Farm] must show that [the Briggses] acted in 'bad faith' to establish that it [is] entitled to an adverse inference." *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003) (citations omitted).

Again the Court finds that the motion is premature. State Farm essentially seeks a jury instruction, and as with other instructions, the Court must determine whether it is factually supported. That determination is best made at the close of evidence. As such, the Court denies the motion without prejudice to State Farm's ability to raise the issue again once the proof has been presented at trial.[2]

IV.   Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion for Partial Summary Judgment [71] and its Motion for Sanctions for Spoliation of Evidence [84] are denied without prejudice. The parties are instructed to contact the chambers of the magistrate judge to set this matter for a settlement conference in advance of the upcoming May pretrial conference.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

mandatory. And the Court perceives the motion for sanctions as more akin to an evidentiary motion *in liminie* or a request for a jury instruction, neither of which would be untimely at this point.

[2]As discussed in *Quantlab Technicians Ltd. (BGI) v. Godlevsky*, district courts have taken differing approaches to the spoliation issue. No. 4:09–cv–4039, 2014 WL 651944, at *26 (S.D. Tex. Feb. 19, 2014). Some have allowed the jury to decide whether the nonmovant acted in bad faith, whereas others have made that factual determination and instructed the jury regarding the spoliation inference. *Id*. (citations omitted). Like the *Quantlab Technicians* Court, the undersigned concludes that it would be better to decide the proper approach after the "case is brought into more crystalline focus" through the presentation of evidence at trial. *Id*.