UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDDIE J. BRIGGS and                                                                    PLAINTIFFS
REBECCA BRIGGS

v.                                                               CIVIL ACTION NO. 3:14cv16-DPJ-FKB

STATE FARM FIRE & CASUALTY CO.
and J. L. WHITE, JR.                                                                    DEFENDANTS

ORDER

This insurance-coverage dispute is before the Court on three motions in limine filed by Defendant State Farm Fire & Casualty Co. [95, 97, 98].[1] Having discussed the issues with the parties during the pretrial conference, and having fully considered their supporting memoranda, the Court rules as follows:

I.   Background

In very general terms, Plaintiffs Eddie J. and Rebecca Briggs owned a home in Kemper County, Mississippi, that was struck by a tornado. Defendant State Farm insured the property, but the parties could not agree as to the adjustment of the claim. The Briggses sued, asserting claims against State Farm for breach of contract and bad faith. The matter is set for trial June 1, 2015.

II.  Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter

---

[1] State Farm filed a fourth motion in limine [99], which the Court will address by separate order at a later date.

cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir.1977) (citation and quotation omitted).

III.   Motions

    A.   Motion to Bifurcate [95]

State Farm seeks an order bifurcating the trial. Phase one would address the breach-of-contract dispute, whereas phase two would address extra-contractual and punitive damages. Plaintiffs agree that punitive damages must be bifurcated. *See* Miss. Code Ann. § 11-1-65(1). But they maintain that evidence related to extra-contractual damages should be heard in phase one.

The parties' briefs on this motion mention a couple of issues that can be quickly resolved. First, Plaintiffs were concerned that State Farm viewed punitive damages as an issue for the Court. State Farm takes no such position. Second, attorneys' fees, if awarded, will be awarded by the Court.

As for bifurcation, Mississippi law recognizes a distinction between contract-based damages and extra-contractual damages. The seminal case is *Universal Life Insurance Co. v. Veasley*, where the Mississippi Supreme Court found that punitive damages were not merited, but that an insurer's breach of contract without an arguable basis would allow a jury to award extra-contractual damages including awards for emotional distress, inconvenience and expense, attorneys' fees and the like . . . ." 610 So. 2d 290, 295 (Miss. 1992).

Neither extra-contractual nor punitive damages may go to the jury until the jury finds liability on the breach-of-contract claim and the Court finds no arguable basis for the insurer's

position.  *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618 (5th Cir. 2008).  Both of these decisions can be made at the end of an initial phase limited to the breach-of-contract claim.

Moreover, Plaintiffs' theories with respect to extra-contractual damages in this case would present obvious Rule 403 concerns if heard in conjunction with the breach-of-contract claim.  For example, Plaintiffs assert in the proposed pretrial order that State Farm "attempted to intimidate policy holders," "committed gross negligence," or committed "fraud."  Allegations like these would taint the breach-of-contract claims with confusion and unfair prejudice that substantially outweighs probative value.  Fed. R. Evid. 403.

The Court therefore concludes that the case should be bifurcated and that phase one should be limited to the breach-of-contract claim.  *See Politz v. Nationwide Mut. Fire Ins. Co.*, No. 1:08cv18-LTS-RHW, 2009 WL 1505384, at *1 (S.D. Miss. May 28, 2008) (holding that punitive and extra-contractual damages would not be heard during initial breach-of-contract phase); *see also Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 897 (Miss. 2006) (observing that evidence related to extra-contractual damages may have tainted breach-of-contract claim).

That said, "[i]t is difficult to envision a breach of an insurance contract suit without consideration of the policy provisions or the procedure utilized in handling the claim."  *Tejedor v. State Farm Fire & Cas. Co.*, No. 1:05cv679-LTS-RHW, 2007 WL 162180, at *1 (S.D. Miss. Jan. 16, 2007) (citations omitted).  And it seems in this case that some evidence related to State Farm's adjustment of the claim could be relevant to the alleged breach-of-contract.  So, while there will be two phases, and the first will not include evidence supporting the claims for extra-contractual or punitive damages, evidence that is sufficiently probative of the alleged breach of

3

contract to overcome Rule 403 concerns may be admitted.  The Court recognizes that this line may be difficult to define.  And because the parties have a better feel for the evidence and its potential for unfair prejudice and confusion, they are instructed to confer and propose, insofar as possible, more precise parameters for enforcing this order at trial.

Finally, State Farm asserts in its Reply that all evidence related to emotional distress should be excluded because those damages were not sufficiently pleaded in the Complaint.  This argument is not properly before the Court.  In neither its Motion [95] nor its initial Memorandum [96] does State Farm suggest that emotional-distress damages are unrecoverable in this case or that evidence of them should be excluded *in limine*.  Instead, State Farm argued that extra-contractual damages should be bifurcated, and it quoted language observing that this normally includes emotional distress.  *See* Def.'s Mem. [96] (quoting *Politz*, 2009 WL 1505384, at *1 ("[N]on-contractual damages—mental and emotional distress, for example—potentially do not come into play until after the first phase.")).  It was not until State Farm's Reply that it sought exclusion of this evidence altogether.  Under Uniform Local Rule 7(b), all "application[s] for relief or other action by the court must be presented by a motion . . . ."  No such motion was filed, and it is "the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs."  *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted).  The issue is not properly before the Court.

B.     Motion to Exclude Policyholder Bill of Rights [97]

Mississippi Department of Insurance Regulation 2007-1 includes a Policyholder Bill of Rights.  State Farm seeks to exclude this document from evidence under Rules 401–403 of the Federal Rules of Evidence.

During the pretrial conference, Plaintiffs explained that they wish to offer provision Number 13, which states:

> Policyholders shall have the right to request and receive from the insurance company any adjuster reports, engineer reports, contractor reports, statements or documents which are not legally privileged documents that the insurance company prepared, had prepared, or used during its adjustment of the policyholder's claim. A company may keep confidential any documents they prepare in conjunction with a fraud investigation.

If State Farm violated this regulation, that fact may well speak to its negligence and therefore offer probative value during phase two. But Plaintiffs have yet to show how this policy would be relevant to the breach-of-contract claim in a way that is not substantially outweighed by the risk of unfair prejudice and jury confusion. Accordingly, the motion is granted, without prejudice, as to phase one. If Plaintiffs wish to offer this regulation during phase one, then they must first raise the issue outside the jury's presence.[2]

  C. Motion to Exclude Legal Conclusions [98]

State Farm seeks to exclude any evidence or reference to the meaning or interpretation of any provision of its homeowners' policy or to the interpretation of principles of Mississippi law. The parties generally agree on this motion, and rightfully so. "[T]he interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury." *Tejedor*, 2007 WL 162180, at *1 (citations omitted). To the extent the motion seeks to preclude a witness from giving a legal conclusion, it is granted.

Despite this broad agreement, dispute remains. First, many of Plaintiffs' arguments in

---

[2]State Farm argues in reply that evidence of provision Number 13 should be excluded entirely because the information that was initially withheld was "legally privileged" and therefore not subject to disclosure under provision Number 13. State Farm offers no legal authority for the claimed privilege. Its motion, as it relates to phase two, is denied without prejudice.

opposition to this motion refer back to their desire to try the bad-faith claim in phase one. Those arguments are rejected. Second, the parties dispute whether Plaintiffs should be allowed during phase one to ask State Farm's adjustors what *they* intended when using various contract or legal terms. On this second point, it may be that a fact witness's understanding of a contract or legal term would probatively speak to the correct adjustment of the claim and whether State Farm breached the contract. But the Court would need to hear some of the evidence and see how Plaintiffs intend to use it before finally ruling on that issue. In any event, the mere asking of such questions would not generally create the type of prejudice that requires an *in limine* ruling.

To be clear, the Court is not inviting Plaintiffs to prosecute their claims for extra-contractual or punitive damages in phase one, and counsel is cautioned against efforts to prejudice the jury in phase one with issues that will be addressed in phase two (if necessary). Likewise, the Court is not sanctioning testimony that the jury could construe as a legal conclusion regarding the contract or prevailing law. Indeed, the Court may ultimately sustain these objections. But if a witness is asked to give what sounds like a legal conclusion, then a timely objection will allow the Court to consider the context without creating undue prejudice. Finally, in the event these questions are allowed, State Farm is invited to draft a limiting instruction to explain that the witness is merely explaining his or her perspective but that it is the Court's role to construe the contract and instruct the jury on the law.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, State Farm's Motion to Bifurcate [95] is granted as set forth herein; State Farm's Motion to Exclude Policyholder Bill of

Rights [97] is granted without prejudice as to phase one and denied without prejudice as to phase two; and State Farm's Motion to Exclude Legal Conclusions [98] is granted as set forth herein.

**SO ORDERED AND ADJUDGED** this the 22[th] day of May, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
